UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID FRYE, TRUSTEE, and | ) | |
| INDIANA LABORERS WELFARE, | ) | |
| PENSION, TRAINING, AND DEFINED | ) | |
| CONTRIBUTION TRUST FUNDS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:17-CV-3801 |
| | ) | |
| CALUMET MASONRY CO., INC. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Come now the Plaintiffs, by their attorney, and for a cause of action against the Defendant allege and show to the court as follows:

### Preliminary Allegations

1. Plaintiff's, the Indiana Laborers Welfare, Pension, Training, and Defined Contribution Trust Funds (hereinafter "Funds"), are employee welfare plans, which pursuant to collective bargaining agreements between unions and employers, receive contributions on behalf of the employees of these employers. The Funds have a principal place of business in Terre Haute, Indiana.

2. Plaintiff David Frye is a Trustee of the Funds, and is a resident of Indianapolis, Indiana.

3. Defendant Calumet Masonry Co., Inc. ("Calumet") is an Indiana corporation with a principal place of business in Highland, Indiana.

4.     At all relevant times Calumet was a party to and has agreed to abide by the terms of a collective bargaining agreement between itself and the and LIUNA, State of Indiana District Council.  A true and accurate copy of the Acceptance of Working Agreement is attached hereto as Exhibit A.

5.     The Funds are a third-party beneficiary to this labor agreement.

## Count I – ERISA Violations

6.     Plaintiffs hereby incorporate by reference all allegations in rhetorical paragraphs one (1) through five (5).

7.     This Court has jurisdiction based upon Section 502 of the Employee Retirement Income Security Act of 1974, (29 U.S.C. §1132); and Section 209(a) and (b) of the Employee Retirement Income Security Act of 1974, (29 U.S.C. §1059(a) and (b)); arising from the Defendant's violation and continued refusal to comply with collective bargaining agreements, Trust Plans and Trust Agreements.

8.     The Funds are employee benefit plans, within the meaning of Sections 3(1)(2)(3)(21) and 502 of the Employee Retirement Income Security Act of 1974, (29 U.S.C. § 1002(1)(2)(3)(21) and 1132).

9.     David Frye, a Trustee of the aforementioned Funds, is a fiduciary within the meaning of Section 3(21) of the Employee Retirement Income Security Act of 1974, (29 U.S.C. §1002) and brings this action on behalf of the participants and Trustees of the Plaintiff Funds.

10.     Calumet is an employer and is a party in interest in industry affecting commerce within the meaning of Sections 3(5)(11)(12) and (14) and 209 of the Employee Retirement Income Security Act of 1974, (29 U.S.C. §1002(5)(11)(12) and (14) and §1059).

11.     The Funds are employee welfare plans, which pursuant to collective bargaining agreements between unions and employers, receive contributions on behalf of the employees of these employers.

12.     Calumet is a party to and has agreed to abide by the terms of collective bargaining agreements between itself and LIUNA, State of Indiana District Council.  See Exhibit A.

13.     Through executed collective bargaining agreements, Calumet agreed to make contributions to the Funds on behalf of its employees.  Relevant portions of the collective bargaining agreement are attached hereto as Exhibit B.

14.     Calumet has failed to make timely contributions to the Funds for and on behalf of its employees, and has failed to perform its obligations under the terms and conditions of the collective bargaining agreements and Trust Agreements of the Funds, and is additionally in violation of Section 515 of the Employee Retirement Income Security Act of 1974, as amended.

15.     Despite demands that Calumet perform its contractual obligations, it has failed, neglected, omitted and refused to make those payments.

## Count II – Breach of Promissory Note

16.     Plaintiffs hereby incorporate by reference all allegations in rhetorical paragraphs one (1) through fifteen (15).

17.     In order to satisfy its delinquent obligations under the collective bargaining agreement, Calumet entered into and signed a Promissory Note with the Funds.  A true and accurate copy of the Promissory Note is attached hereto as Exhibit C.

18.     The Promissory Note required Calumet to make five (5) installment payments to the Laborers Funds, totaling $17,521.54, with a final payment by January 22, 2016.

19.     Despite repeated demands that Calumet perform its contractual obligations, Calumet has failed, neglected, omitted and refused to pay the $6,381.26 balance due on the Promissory Note.

20.     The Promissory Note further provided that interest shall accrue on the delinquent balance at an annual rate of 10%.  See Exhibit C.

WHEREFORE, Plaintiffs demand the following relief:

1.     Judgment on behalf of the Plaintiffs in the amount of Defendant's delinquencies on the Promissory Note, plus pre-judgment and post-judgment interest.

2.     Payment of the Defendant's reasonable attorney's fees and costs of this action.

3.     For such other, further, or different relief as the Court may deem just and proper.

Respectfully Submitted,


/s/Neil E. Gath_____
Neil E. Gath, #11193-49
Attorney for the Plaintiffs


GATH LAW OFFICE
P.O. Box 44042
Indianapolis, IN 46244
Telephone: (317) 489-5715
Facsimile: (317) 602-2180
ngath@gathlaw.com